918 F.2d 179
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul SKAFICA, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-2258.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1990.
 
 Before MERRITT, Chief Circuit Judge, and RYAN and ALAN E. NORRIS, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Claimant Paul Skafica appeals the order of the district court granting summary judgment for the Secretary and affirming the denial of social security disability benefits and supplemental security income. Concluding that substantial evidence supports the finding that Skafica was performing "substantial gainful activity," we affirm the district court's decision denying benefits.
 
 I.
 
 2
 Since birth, Skafica, who was thirty-one at the time of his hearing, has suffered from mental retardation and seizures, which are controlled by medication. Although he spent several years in special education, Skafica graduated from high school and completed three semesters at Oakland Community College. For the two years prior to his application for benefits, Skafica lived alone and cared for himself. At the time of his hearing, he worked as a dishwasher at the Roman Terrace Restuarant, a position he had held since August 1983.
 
 
 3
 On September 16, 1986, Skafica applied for supplemental security income ("SSI"); he later amended his claim to request social security benefits as well. The Secretary denied the application initially and on reconsideration. Skafica's claim was also denied at a hearing before an Administrative Law Judge ("ALJ") who found that Skafica performed substantial gainful activity and thus was not disabled. The Appeals Council denied review on January 27, 1989.
 
 
 4
 Skafica then sought judicial review. Finding that substantial evidence supported the ALJ's determination that Skafica was substantially and gainfully employed, and therefore not disabled, the Magistrate recommended that the district court grant the Secretary's motion for summary judgment. The district court followed this recommendation and granted summary judgment on October 5, 1989.
 
 II.
 
 5
 In reviewing the Secretary's decision, we must accept findings of fact that are supported by substantial evidence. 42 U.S.C. Sec. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If the record as a whole shows that substantial evidence supports the Secretary's decision, we must affirm, regardless of whether some evidence also supports the claimant's position. Crisp v. Secretary of Health & Human Services, 790 F.2d 450, 453 n. 4 (6th Cir.1986).
 
 
 6
 The regulations prohibit a finding of disability if a person is performing "substantial gainful activity," regardless of medical condition, age, or work experience. 20 C.F.R. Sec. 404.1520(b). The regulations define substantial gainful activity as:
 
 
 7
 Substantial work activity. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, are paid less, or have less responsibilities than when you worked before.
 
 
 8
 Gainful work activity. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.
 
 
 9
 Because Skafica received an hourly wage of four dollars per hour, his work was clearly "gainful." At issue here is whether it was also "substantial."
 
 
 10
 The regulations presume a finding of substantial gainful activity when a claimant earned over $300 per month. 20 C.F.R. Sec. 416.974(b)(2)(vi). Since beginning work at the Roman Terrace in 1983, Skafica consistently earned over $300 per month. His initial salary averaged $319 per month and rose as high as $596 per month in 1986, almost twice the amount necessary to show substantial gainful employment. Earning above $300, however, will not preclude a finding of disability where a claimant produces "sufficient evidence" to rebut the presumption of substantial gainful activity set out in the guidelines. Cavanaugh v. Secretary of Health & Human Service, No. 87-3682 (6th Cir. May 19, 1988) (per curiam).
 
 
 11
 In an attempt to rebut this presumption, Skafica argued that his work was not substantial because he did not work full-time and did not perform the full range of tasks usually performed by a dishwasher. Unlike other dishwashers, Skafica could only perform one task at a time and thus his responsibilities were limited to washing pots and pans. He also worked more slowly than the other employees. On the one occasion he was asked to take on the extra responsibility of sorting silverware, Skafica was unable to do so and lost his temper. Prior to working at the Roman Terrace, vocational counselors had tried to teach him other jobs in a sheltered workshop environment, but the only job Skafica could perform was dishwashing.
 
 
 12
 These limitations do not affect Skafica's ability to perform substantial work. A claimant performs substantial gainful activity when his duties "contribute substantially to the operation of a business." 20 C.F.R. Sec. 416.973(a). Because operating a restaurant requires clean dishes, Skafica's employer clearly benefited from his work. It does not matter that Skafica's responsibilities were designed to accommodate his abilities, and that he performed this work more slowly than other dishwashers. Substantial gainful activity may be work which "takes into account ... [the] impairment." 20 C.F.R. Sec. 416.973(c). Work which involves "minimal duties that make little or no demands on you and that are of little or no use to your employer," however, does not constitute substantial gainful activity. The lower court expressly found that Skafica's job did not amount to valueless "make work," such as taking plates from one stack and making another stack with them.
 
 
 13
 Substantial evidence, then, supports the ALJ's finding that Skafica performed substantial work and thus was ineligible for disability benefits.
 
 III.
 
 14
 For the foregoing reasons, the district court's order granting summary judgment for the Secretary of Health and Human Services and affirming the denial of social security disability benefits and supplemental security income is AFFIRMED.